IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRIE A. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06CV120-WKW |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). Based on its review of the record and the briefs of the parties, the court concludes that the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

decision of the Commissioner should be reversed.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir.

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ISSUES

*A. Introduction*

The plaintiff was forty years old at the time of the hearing[4] before the ALJ and has an

---

1981) (Unit A).

[4] The hearing took place in two parts, the first on November 13, 2004 (Tr. 338) and the second on April 29, 2005 (Tr. 354).  The ALJ continued the hearing so that a consultative psychological examination could take place (Tr. 348-50, 314-17).

3

eleventh grade education.  The plaintiff's prior work experience includes work as a laundry worker and housekeeper.  Following the administrative hearing, the ALJ concluded that the plaintiff had two "severe" impairments, radiculopathy and depressive disorder, but concluded that the plaintiff was not disabled because she retained the residual functional capacity to perform work as a cashier, information clerk, or assembler.

### B.  *Plaintiff's Claims*

The plaintiff presents two issues for review: (1) whether the ALJ improperly discounted the plaintiff's testimony of disabling pain (Doc. #12, filed June 28, 2006, p. 2), and (2) whether the ALJ improperly discounted the opinion of the plaintiff's treating neurologist (Doc. #15, filed August 18, 2006, p. 3).

### IV. DISCUSSION

Following a hysterectomy in April 2003, the plaintiff experienced weakness and numbness in her left leg.  Her treating neurologist, Dr. Shin Oh, diagnosed radiculopathy (Tr. 308, 321).   Over the subsequent two years, the plaintiff sometimes complained of pain in addition to the weakness and numbness; and sometimes (but not always) she complained of severe pain (Tr. 242-43, 308, 312-13, 322).  In applying for benefits, the plaintiff stated that standing or walking for a long time hurt her, and that sitting for even a short time caused her left side to get stiff and hurt her badly (Tr. 105); in applying for review of the ALJ's decision,

4

the plaintiff stated that her leg and hip caused her "constant pain" (Tr. 12).

The record contains two letters from Dr. Oh regarding the plaintiff's treatment. In the first, dated July 9, 2003, Dr. Oh stated that she could not perform the duties of her housecleaning job, which included "walking, standing, lifting, climbing, etc." due to weakness and numbness in her left leg (Tr. 256). In the second, dated May 16, 2005, Dr. Oh wrote that

> [s]he has suffered from left leg numbness, weakness, and pain which began following a surgical procedure on 4/28/03...She is being treated with medication and physical therapy. At the present time, Ms. Walker continues to be unable to perform work which requires prolonged walking, standing, lifting, *or even sitting* because of leg and groin pain. I last evaluated her on May 4, 2005...

(Tr. 321) (emphasis added).[5] The ALJ accepted Dr. Oh's findings with regard to prolonged walking, standing, or lifting, and limited the plaintiff to sedentary work on that basis (Tr. 25, 375). However, the ALJ expressed doubt as to what Dr. Oh meant by "prolonged sitting," but then stated that Dr. Oh's opinion was consistent with his own finding that the plaintiff could perform sedentary work of a kind that includes hours of sitting (Tr. 25, 375-76).[6] In

---

[5] With her reply brief (Doc. #15, filed August 18, 2006, att. 1), the plaintiff filed a third letter by Dr. Oh, in which he states that her pain has been constant since her surgery, and affects her whether she is standing, sitting, or lying down. Dr. Oh's statements in this letter are not consistent with the record, which shows that the plaintiff did not begin complaining of significant pain until well after her surgery, and that the complaints did not become severe until the following year (Tr. 242-43, 308, 312-13, 322). They also do not match his earlier letters. Thus, this letter would be unlikely to change the result of the ALJ's decision if considered, and is not due to be considered under *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

[6] At the hearing, plaintiff's counsel specifically agreed with the ALJ (Tr. 375) that the testimony of the vocational expert (based on the limitations stated by the ALJ, which included a limitation to light work but no limitation on sitting) were "100 percent" consistent with Dr. Oh's letter (Tr. 375-76).

light of the language emphasized above, the court cannot agree.

Under 42 C.F.R. § 404.1527(d)(2), the opinion of a treating physician is due extra deference, because a treating professional is best able to provide a "detailed, longitudinal picture" of a claimant's medical impairments. An ALJ may discount the opinion of a treating physician only for good cause. Good cause exists if the treating physician's opinion is unsupported by objective medical evidence or is merely conclusory, *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); or if the record supports a contrary conclusion, *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). The ALJ must articulate explicit and adequate reasons for discounting the opinion of a treating physician. *Elam v. Railroad Retirement Board*, 921 F.2d 1210, 1215 (11th Cir. 1991). Here, the ALJ did not articulate reasons for discounting the opinion of the treating physician, or even acknowledge that he was discounting that opinion, and did not re-contact the physician to resolve his expressed doubt as to what the opinion was (*see* 20 C.F.R. § 404.1512(e)(1); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1276 (N.D. Ala. 2006)). Instead, he wrote that his own opinion was consistent with the treating physician's.[7] In doing so, he erred.

---

However, Social Security proceedings are fundamentally nonadversarial, *Sims. v. Apfel*, 530 U.S. 103, 109-10 (2000), and the court will not disregard the ALJ's misreading of Dr. Oh's letter on the basis of waiver.

[7] In discounting the plaintiff's subjective symptoms of pain, the ALJ listed several reasons for doing so, including Dr. Oh's note that he could not understand why her pain got worse when her muscle strength improved (Tr. 322), and the plaintiff's statements that she sat for long periods to read the Bible or visit with her grandmother (Tr. 26, 316, 367-68, 374-76). In its brief, the government further notes that these findings are consistent with the records of the plaintiff's physical therapist, which state that the plaintiff appeared to exaggerate her limitations, that her movements did not appear consistent with her complaints (Tr. 287-88), and that she was independent with respect to activities of daily living (Tr. 290).

6

## V. CONCLUSION

Based on this review and the foregoing analysis, it is the RECOMMENDATION of the Magistrate Judge that the decision of the Commissioner be REVERSED, and the case REMANDED to the Commissioner for further proceedings consistent with this opinion.

The parties are DIRECTED to file any objections to this recommendation on or before **January 25, 2007**. Any objections filed must specifically identify the findings in the Recommendation of the Magistrate Judge that are the subject of the objections. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d

---

However, the ALJ did not oppose any of these factors to the opinion of Dr. Oh, as required for that opinion to be properly discounted under 42 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our...decision for the weight we give your treating source's opinion").

    The court notes that the ALJ discounted the plaintiff's testimony for at least one invalid reason: the fact that her complaints of pain changed over time. Her complaints ranged from "not really complaining of pain" in May 2003 (Tr. 242-43), to 3/10 in December 2003 (Tr. 308) and March 2004 (Tr. 313), to 9/10 in November 2004 (Tr. 312) and May 2005 (Tr. 322). However, she never claimed that her pain was constant over time, and no medical source states that it would be expected to be constant. Thus, her increasing complaints of pain were not *inconsistent* in a way that implicates her credibility, as held by the ALJ (Tr. 25).

1144, 1149 (11th Cir. 1993).

    Done this 12th day of January, 2007.

                                             /s/ Wallace Capel, Jr.
                                             WALLACE CAPEL, JR.
                                             UNITED STATES MAGISTRATE JUDGE