IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRIE ANN WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:06cv120-WKW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 14, 2009, Plaintiff filed a Motion For Attorney's Fees (Doc. #23), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and supporting memorandum (Doc. #24). The District Judge referred the Motion to the undersigned Magistrate Judge for a report and recommendation. (Doc. #25). On April 16, 2009, the undersigned entered an Order (Doc. #26) directing Plaintiff to show cause, on or before April 23, 2009, why her Motion should not be deemed untimely by the Court and, hence, denied. Plaintiff did not respond to the show cause order. Accordingly, for the reasons stated below, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Attorney's Fees be DENIED.

The Court entered its order reversing and remanding[2] the Commissioner's decision

---

[1] At the time this matter was filed in 2006, Jo Anne B. Barnhart was Commissioner of Social Security.

[2] The Court's remand was pursuant to sentence four of 42 U.S.C. § 405(g), which Plaintiff acknowledges in her memorandum in support of her Motion for

denying benefits to Plaintiff on February 7, 2007. (Doc. #21). Judgment was entered that same day. (Doc. #22). There are "three statutory conditions [which] must be satisfied before a district court can award EAJA attorney's fees," one of which is that the "claimant must file an application for fees 'within thirty days of final judgment in the action.'" *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (internal citations omitted).[3] *See also* 28 U.S.C. § 2412 (d)(1)(B). Furthermore, a "judgment of remand on sentence-four grounds is a final judgment under the EAJA, and it usually starts the EAJA attorney's fees application filing period running." *Jackson v. Chater*, 99 F.3d 1086, 1090 (11th Cir. 1996). Because such a judgment of remand remains appealable for up to sixty days after judgment is entered, "an EAJA applicant seeking fees incurred after the wrongful denial of disability benefits has ninety days (sixty plus thirty) to file his application, if the Commissioner does not appeal the district court's judgment." *Id.* at n.4.

---

Attorney's Fees. *See* Memorandum (Doc. #24) at third unnumbered page.

[3] In *Myers*, the Eleventh Circuit opined that the EAJA's timeliness requirement is "jurisdictional in nature; thus, a claimant's failure to file an EAJA application within this time constraint precludes a district court from considering the merits of the fee application." 916 F.2d at 666 (internal citations omitted). However, the Supreme Court has since clarified that "whether a [claimant] is time barred by § 2412(d)(1)(B) from gaining the fee award authorized by § 2412(d)(1)(A) . . . does not concern the federal courts' 'subject-matter jurisdiction.' Rather, it concerns a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the application is made." *Scarborough v. Principi*, 541 U.S. 401, 413 (2004). In any event, even if improperly construed as jurisdictional predicates, the statutory prerequisites set forth in the EAJA, as discussed in *Myers*, remain intact and are applicable to any motion for attorney's fees under the EAJA.

In this instance, judgment was entered on February 7, 2007, and no appeal was taken by the Commissioner. Accordingly, the time for filing the instant motion appears to have expired approximately ninety days after February 7, 2007. Thus, Plaintiff's Motion for Attorney's Fees, filed more than two years after judgment, is untimely.[4] Likewise, in failing to respond to the Court's show cause Order, Plaintiff has declined to present any argument to the Court about why the thirty-day time limitation should be subject to equitable tolling in this instance. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Attorney's Fees be DENIED. It is further

ORDERED that the Plaintiff file any objections to the this Recommendation on or before **May 11, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[4] The outcome of the administrative proceedings on remand from this Court is irrelevant for EAJA attorney's fees purposes. A claimant who has obtained a sentence-four remand for further administrative proceedings is a "prevailing party" within the meaning of the EAJA, *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993), and is therefore entitled to immediately pursue attorney's fees under the EAJA.

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 28th day of April, 2009.

                                         /s/ Wallace Capel, Jr.
                                         WALLACE CAPEL, JR.
                                         UNITED STATES MAGISTRATE JUDGE